Filed 10/4/13  Bulletti v. Riley CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PETER BULLETTI, | D062100 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2011-00086509-CU-MC-CTL) |
| DASHA RILEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed.


Dasha Riley, in pro. per., for Defendant and Appellant.

Peter Bulletti, in pro. per., for Plaintiff and Respondent.

The trial court entered a judgment against defendant Dasha Riley after a bench trial in plaintiff Peter Bulletti's breach of contract action against her.  Riley appeals, apparently contending Bulletti's claim was barred by the statute of limitations and the doctrine of res judicata, and the trial court did not have jurisdiction to decide the matter.

FACTUAL AND PROCEDURAL BACKGROUND

Because neither the defendant's nor plaintiff's briefs provide citations to the record in support of their extensive factual and procedural allegations, we provide only a short summary of the procedural and factual background based on the limited clerk's transcript and reporter's trial transcript. In 2001, Bulletti was incarcerated. He apparently gave Riley a power of attorney to act on his behalf and also entered into a trust agreement for her to act as his trustee for certain trust assets. Riley received, as trustee, $23,600 from the estate of Bulletti's mother. Riley apparently withdrew that money soon thereafter from the trust account and used about $22,000 of it for purposes not authorized by the trust agreement.

Bulletti filed a breach of contract action against Riley, seeking $23,600 plus interest. Following a short bench trial, the trial court found in favor of Bulletti and awarded him $22,000 plus interest at the legal rate from November 21, 2001. The court summarized Bulletti's case, stating:

> "It looks like you met Ms. Riley, you went to prison, you relied on her to take care of your affairs while you were in prison, that . . . included receiving money from an estate that was due you, and it looks like Ms. Riley made a lot of promises to you. [She] [r]eceived almost $25,000. Took almost $11,000 in some sort of investment which was probably some sort of a scam, paid herself or had herself paid. Gave you legal advice, set up trusts, received money for that which probably was an unauthorized practice of law. And never accounted for the rest of the money, except for maybe a couple of thousand dollars that was sent to you in prison."

On April 17, 2012, the trial court entered judgment for Bulletti in the total amount of $49,482.50. Riley timely filed a notice of appeal.

DISCUSSION

I

*Riley's Waiver of Appellate Contentions*

In support of her appeal, Riley submitted a record that is inadequate for us to consider her appellate contentions. The reporter's transcript consists only of the trial transcript. The clerk's transcript consists of only two substantive documents: (1) the trial court's minutes for the bench trial on March 2, 2012; and (2) the court's judgment. It omits Bulletti's complaint and any pleadings or other pretrial papers filed by the parties. Based on this inadequate record, we cannot address the merits of her statute of limitations, res judicata, jurisdictional, and other contentions. Riley has not carried her burden on appeal. (*In re Kathy P.* (1979) 25 Cal.3d 91, 102 ["appellant . . . has not met her burden of showing error by an adequate record"]; *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 ["[w]e cannot presume error from an incomplete record"]; *Haywood v. Superior Court* (2000) 77 Cal.App.4th 949, 955 [because "the record does not contain all the documents . . . we decline to find error on a silent record"].)

Furthermore, as Bulletti in effect asserts, Riley has waived her appellate contentions by not presenting any coherent or comprehensible, substantive legal arguments supported by citations to the record and legal authorities. She has not presented any coherent, substantive arguments or analyses showing the trial court erred by not applying the statute of limitations and/or the doctrine of res judicata to bar Bulletti's breach of contract claim or otherwise erred or did not have jurisdiction to

3

consider his claim.  A trial court's judgment or order is presumed to be correct.  In

*Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated:

> "[I]t is settled that: 'A judgment or order of the lower court is
> *presumed correct*.  All intendments and presumptions are indulged
> to support it on matters as to which the record is silent, and error
> must be affirmatively shown [by the appellant].  This is not only a
> general principle of appellate practice but an ingredient of the
> constitutional doctrine of reversible error.' "  (*Id*. at p. 564.)

"The burden of affirmatively demonstrating error is on the appellant."  (*Fundamental

Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)  "An appellant

must provide an argument and legal authority to support his contentions.  This burden

requires more than a mere assertion that the judgment is wrong.  'Issues do not have a life

of their own:  If they are not raised or supported by argument or citation to authority,

[they are] . . . waived.'  [Citation.]  It is not our place to construct theories or arguments to

undermine the judgment and defeat the presumption of correctness.  When an appellant

fails to raise a point, or asserts it but fails to support it with reasoned argument and

citations to authority, we treat the point as waived."  (*Benach v. County of Los Angeles*

(2007) 149 Cal.App.4th 836, 852.)

"Where a point is merely asserted by [appellant] without any [substantive]

argument of or authority for its proposition, it is deemed to be without foundation and

requires no discussion."  (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved on

another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3.)  "Issues do not have

a life of their own: if they are not raised or supported by [substantive] argument or

citation to authority, we consider the issues waived."  (*Jones v. Superior Court* (1994) 26

4

Cal.App.4th 92, 99; see also *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["[w]hen an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary"]; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [contention was deemed waived because "[a]ppellant did not formulate a coherent legal argument nor did she cite any supporting authority"]; *Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2 ["[t]he dearth of true legal analysis in her appellate briefs amounts to a waiver of the [contention] and we treat it as such"]; *Bayside Auto & Truck Sales, Inc. v. Department of Transportation* (1993) 21 Cal.App.4th 561, 571.) Appellants acting in propria persona are held to the same standards as those represented by counsel. (See, e.g., *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819.) Because Riley has not presented any coherent or comprehensible, substantive legal arguments supported by citations to the record and legal authorities, we conclude she has waived her appellate contentions.

We further conclude Riley has waived her appellate contentions to the extent her arguments rely on her statement of facts because she failed to support her statement of facts with citations to the record on appeal and referred to matters outside the record on appeal. Statements of fact not part of, or supported by citations to, the record on appeal are improper and cannot be considered on appeal. (Cal. Rules of Court, rule 8.204(a)(2)(C);[1] *Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632;

---

[1] All references to rules are to the California Rules of Court.

*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.) We disregard any statements of fact set forth in Riley's briefs that are outside of the record on appeal. (*Pulver*, at p. 632; *Kendall*, at p. 625; *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 481, fn. 1.)

Furthermore, to the extent her assertions of fact and procedure ostensibly refer to matters within the record on appeal, her briefs do *not* contain *any citations* to the appellate record in violation of rule 8.204(a)(1)(C). As in *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, at page 1246, Riley's briefs "are devoid of citations to the [record on appeal] and are thus in dramatic noncompliance with appellate procedures." "It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations." (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.) "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see also *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115.) Because Riley's briefs do *not* contain *any citations* to the record on appeal to support her assertions of fact and procedure and appellate contentions, we consider her contentions on appeal to have been waived. (*Nwosu*, at p. 1247; *City of Lincoln*, at p. 1239; *Duarte*, at p. 856; *Guthrey*, at p. 1115.) Finally, we note that the fact that Riley filed this appeal in propria persona does not exempt her from compliance with established appellate rules. (*Nwosu*, at pp. 1246-1247 [pro per litigants must follow the same procedural rules as attorneys]; *City of Los Angeles v. Glair*, *supra*, 153 Cal.App.4th at p. 819.) We conclude

6

Riley has not carried her burden on appeal to show the trial court erred or did not have jurisdiction to decide this matter.

In any event, assuming arguendo Riley has not waived her appellate contentions, we nevertheless conclude her appellate arguments are incoherent, incomprehensible, vague and/or conclusory and therefore she has *not* carried her burden on appeal to present *persuasive* substantive argument and analysis showing the trial court prejudicially erred or did not have jurisdiction to decide this matter.  (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *Fundamental Investment etc. Realty Fund v. Gradow*, *supra*, 28 Cal.App.4th at p. 971; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105.)

DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.


McDONALD, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

7